## GULFCOAST TRANSIT COMPANY, Plaintiff-Appellant,

v.

## Willard J. SMITH, as Commandant, United States Coast Guard, Defendant-Appellee.

No. 29411

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1970.

Robert B. Acomb, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for plaintiff-appellant.

William D. Ruckelshaus, Asst. Atty. Gen., Gerald J. Gallinghouse, U. S. Atty., Alan S. Rosenthal, James C. Hair, Jr., Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

At issue in this case is the construction of 46 U.S.C. §§ 222, 223 and 673, concerning the minimum manning and watch requirements for inspected towing vessels licensed by the United States Coast Guard.

Appellant is the owner and operator of two ocean-going tugs regularly employed to tow coal barges on the ocean-going route across the Gulf of Mexico from New Orleans to Tampa, Florida, a distance of less than six hundred miles. The tugs were operating under inspection certificates issued in October, 1964 and March, 1965 by the United States Coast Guard Officer in Charge of Ma-

---

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

rine Inspection (OCMI) at Port Arthur, Texas. These certificates permitted appellant to operate with only two deck officers—a master and a chief mate—when engaged in a voyage of less than six hundred miles. In January, 1966, however, the Commandant of the Coast Guard determined after a complete examination of the minimum manning requirements for inspected towing vehicles that appellant's certificate was below the minimum set by 46 U.S.C. 223. Accordingly, appellant's certificate was amended to require three deck officers—a master and two licensed mates.

Appellant contested the new certificate requiring the employment of a second mate, arguing that the Commandant's construction of 46 U.S.C. § 223 was erroneous when read in conjunction with 46 U.S.C. § 673. After exhausting his administrative remedies, appellant brought this action in United States District Court. The district court found the minimum requirements set by the Commandant proper under the law and dismissed the suit. We affirm.

The complement of officers and crew for appellant's vessels is set by 46 U.S.C. § 222.[1] That section gives the Coast Guard the authority to determine the complement of licensed officers and crew as may in its judgment be necessary for safe navigation. This section is limited, however, by section 223,[2] which prescribes the *minimum* number of officers required for any ocean-going vessel. This section clearly states that "every vessel of two hundred gross tons and less than one thousand gross tons[3] * * * shall have two licensed mates," in addition to one duly licensed master.

We believe that this section speaks for itself; it admits of no other construction than that appellant is required to have a minimum of two licensed mates. Appellant argues for a different construction, however, relying on 46 U.S.C. § 673.[4] This section concerns the watch requirements of ocean-going vessels, and permits the officers and crew to be divided into not less than two watches on a voyage of less than six hundred miles. Appellant contends that this section modifies the earlier law embodied in 46 U.S.C. §§ 222, 223, and authorizes a minimum complement of one master and two mates for voyages of

1. 46 U.S.C. § 222 provides, in pertinent part, as follows:
[The vessel] shall have in her service and on board such complement of licensed officers and crew * * * as may in the judgment of the Coast Guard be necessary for her safe navigation. The Coast Guard shall make in the certificate of inspection of the vessel an entry of such complement of officers and crew * * * which may be changed * * * by indorsement on such certificate by the Coast Guard by reason of change of conditions or employment.

2. 46 U.S.C. § 223 provides, in pertinent part, as follows:
The Coast Guard shall make an entry in the certificate of inspection of every ocean and coastwise sea-going merchant vessel of the United States propelled by machinery, and every ocean-going vessel carrying passengers, the minimum number of licensed deck officers required for her safe navigation according to the following scale:
No such vessel shall be navigated unless she shall have on board and in her service one duly licensed master.

Every such vessel * * * of two hundred gross tons and less than one thousand gross tons, propelled by machinery, shall have two licensed mates.
* * * * *
Nothing in this section shall be so construed as to prevent the Coast Guard from increasing the number of licensed officers on any vessel subject to the inspection laws of the United States, if, in its judgment, such vessel is not sufficiently manned for her safe navigation.

3. Both of appellant's vessels exceed two hundred gross tons and are less than one thousand gross tons.

4. 46 U.S.C. § 673 provides in pertinent part as follows:
In all tugs and barges subject to this section when engaged on a voyage of less than six hundred miles, the licensed officers and members of crews * * * may, while at sea, be divided into not less than two watches, but nothing in this proviso shall be construed as repealing any part of section 222 of this title.

under six hundred miles. The essence of appellant's argument appears to be that if Congress was willing to permit a vessel to have only two watches on a voyage of less than six hundred miles, then it must have intended to amend section 223 to permit a vessel to have only two deck officers. Otherwise, the third deck officer (the second mate) would be unnecessary. We reject appellant's argument for two reasons. The first and most obvious reason is that there is no language in section 673 that indicates any Congressional intention to reduce the minimum number of crew members fixed by section 223. The second reason we reject appellant's argument is that it does not follow from the proposition that Congress has permitted a reduction in the number of watches on voyages of less than six hundred miles that Congress would also permit a reduction in the required number of officers. It is obvious from reading section 673 that it deals with the division of a crew into watches. It is also obvious that a crew of a particular size may be divided into any number of watches, without necessitating a change in the size of the crew. Appellant's proffered construction neither appears on the face of the statute nor is it logically required.

We affirm.